LINMEI CAO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74073.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2008 *.

Filed March 11, 2008.

---

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

* The panel unanimously finds this case suitable

N.R. Smith, Circuit Judge, filed opinion concurring in part and dissenting in part.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Daniel P. Hanlon, Esq., Daniel R. Murphy, Esq., Hanlon & Greene, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., Jeannette F. Swent, U.S. Attorney Office District of Utah, Salt Lake City, UT, for Respondent.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and KING,** District Judge.

## MEMORANDUM ***

Linmei Cao and her husband Yihua Zhou,[1] natives and citizens of the People's Republic of China, petition for review of a decision of the Board of Immigration Appeals ("BIA") upholding a decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention against Torture ("CAT").[2] We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition and remand for further proceedings.

1. Cao is the lead petitioner. Zhou's petition is derivative of Cao's.

2. Petitioners neither mentioned nor argued the denial of CAT relief. Review of the denial of CAT relief is therefore waived. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Where, as here, the BIA conducted an independent review of the record and provided its own grounds for affirming the IJ's decision, we review the BIA opinion rather than the IJ's decision. *Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). Because the BIA explicitly found Cao's testimony credible, her testimony is deemed true without further corroboration. *See Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000).

Review of the BIA's decision to deny applications for asylum or withholding of deportation is for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under the substantial evidence standard, we reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### I.

We reject Petitioners's contention that they were deprived of due process. The IJ did not take on a prosecutorial role. The questions the IJ asked were relevant and elicited important details about the factory and its manager, the working conditions, Cao's beating, Cao's treatment after the beating incident, the circumstances of her departure from China, and the complaints about alleged corruption. There is nothing wrong in this particular instance with an IJ conducting the "lion's share" of the questioning. *See Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998) (rejecting a due process claim premised on the fact that the IJ had conducted " 'the lion's share of cross-examination' in a 'harsh manner and tone' "). Moreover, given that the BIA ultimately found Cao credible and that her testimony is therefore deemed true, there would be no prejudice even if there were a violation. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring "prejudice, which

means that the outcome of the proceeding may have been affected by the alleged [due process] violation.").

### II.

"In order to establish eligibility for asylum on the basis of past persecution, an applicant must show (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (footnotes omitted). "A well-founded fear of future persecution may be established by proving either past persecution or 'good reason' to fear 'future persecution.' " *Id.* at 654 (citation omitted).

Taking Cao's testimony as true, a reasonable factfinder would be compelled to conclude that Cao was persecuted. Chinese police beat Cao's head and forehead with a baton. They used a wet towel to hide bruises. To silence her cries, they stuffed the towel into her mouth. She was held for three days until her mother paid a bribe or fine. She was released after being forced to sign a confession. She was fired from her job. Police showed a continuing interest in her after the incident by requiring her to report weekly to a police station and threatening to arrest her again. Such physical violence, coupled with interrogation, detention, and continued interest cumulatively constitutes persecution. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004) (finding mistreatment by Chinese police consisting of arrest, detention and physical abuse amounted to past persecution); *Mihalev v. Ashcroft,* 388 F.3d 722, 729 (9th Cir.2004) ("In *Guo* we held that the petitioner, a Chinese Christian, had suffered persecution on two separate occasions, ei-

ther of which we held would have been independently sufficient to compel a finding of past persecution."); *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 & n. 3 (9th Cir.2004) (reiterating that "[w]e have consistently found persecution where, as here, the petitioner was physically harmed" and noting that the government's continued interest after release from detention is a factor in determining whether treatment constitutes persecution).[3]

## III.

■ Our case law also supports the conclusion that Cao's persecution was, at least in part, "on account of" either actual or imputed political opinion. *See, e.g., Mamouzian*, 390 F.3d at 1134–35 (stating that "we have repeatedly held that retaliation against an individual who opposes government corruption can constitute persecution on account of political opinion" and concluding that persecution for participating in protests against corruption in a state-run factory qualifies as such persecution) (citations omitted); *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000) ("where the whistle blows against corrupt government officials, it may constitute political activity sufficient to form the basis of persecution on account of political opinion."). Cao was protesting to a mayor and on the street about working conditions, failure to be paid, and corruption by communist party leaders at a state-run factory after her apprentice lost her hand in an industrial accident and was fired.

However, the BIA did not specifically address the "on account of" prong; it relied solely on an erroneous conclusion that

Cao was not persecuted. Therefore, we remand the matter for the BIA to address in the first instance whether the persecution was on account of political opinion. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.") (citing *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)).

**PETITION FOR REVIEW GRANTED; REMANDED.**

N.R. SMITH, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority that the BIA correctly concluded that the IJ did not violate Petitioners' due process rights by taking on a prosecutorial role. However, I find that substantial evidence does support the BIA's finding that the Petitioners failed to demonstrate past persecution and therefore respectfully dissent as to that issue.

After the BIA reversed the IJ's adverse credibility finding and accepted all of Cao's testimony as true, the BIA nevertheless found that Cao had failed to demonstrate past persecution. "Our review of the BIA's determination that an applicant has not established eligibility for asylum is highly deferential." *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). When reviewing for substantial evidence, we

---

**3.** The BIA did not cite any Ninth Circuit authority for its conclusion that Cao's mistreatment was not severe enough to constitute persecution. Rather, it cited case law from the Seventh and Tenth Circuits for the distinguishable proposition that brief detentions and mild harassment does not constitute persecution. The BIA was required to look to applicable Ninth Circuit precedent when making a determination on Cao's persecution. *See Ladha v. INS*, 215 F.3d 889, 896 (9th Cir.2000).

must uphold the BIA's determination unless the evidence in the record *compels* a contrary conclusion. *Arteaga v. Mukasey,* 511 F.3d 940, 944 (9th Cir.2007) (emphasis added). We may not reverse the BIA " 'simply because we disagree with its evaluation of the facts. . . .' " *Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996) (citation omitted).

Although the majority correctly recites the substantial evidence standard, it fails to abide by it. Instead, the majority draws on sympathies for Cao to substitute its judgment for that of the BIA, relying only on cases in which the alien was: 1) detained by authorities for relatively long periods of time; and 2) detained and beaten by authorities multiple times. *See Guo v. Ashcroft,* 361 F.3d 1194, 1197–99 (9th Cir.2004); *Mihalev v. Ashcroft,* 388 F.3d 722, 724–26 (9th Cir.2004); *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1132–33 (9th Cir. 2004). In so doing, the majority ignores that, in nearly identical factual circumstances to those presented here, we held that the evidence did not compel a conclusion that the alien had demonstrated past persecution. *Gu,* 454 F.3d at 1020–21.

When reviewing a case such as this one for substantial evidence, we may not agree with, for example, the Chinese authorities' treatment of Cao, and we may well believe, in contrast to the BIA, that Cao presented evidence supporting her claim of past persecution. However, our task is not to scour the record to find support for Cao's position merely because we disagree with the BIA. Our task is to scour the record to determine whether substantial evidence supports *the BIA's* determination. Under the substantial evidence standard of review, we cannot substitute our judgment for that of the BIA every time we disagree

with BIA's view of the facts. *Aruta,* 80 F.3d at 1393. If we do so, the substantial evidence standard of review will be rendered worthless and we will instead be reviewing the BIA's determination de novo. We are also not free to eschew factually on point cases simply because we do not like their result. *See, e.g., Gu,* 454 F.3d at 1020–21; *Prasad v. INS,* 47 F.3d 336 (9th Cir.1995). In my view, the majority has done so here.